**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL CAISON, | |
| *Plaintiff*, | |
| v. | Civil Action No. 23-2414 (LLA) |
| LOUIS DEJOY, *et al.*, | |
| *Defendants*. | |

**MEMORANDUM OPINION AND ORDER**

Proceeding pro se, Michael Caison brought this employment discrimination suit against Postmaster General Louis DeJoy and the U.S. Postal Service (collectively, "USPS" or "the Agency"). Pending before the court are USPS's Motion to Dismiss, ECF No. 13, and Mr. Caison's Motion for Telephonic Conference, ECF No. 18. For the reasons discussed below, the court will **GRANT** the USPS's motion to dismiss in part and **DENY** it in part, and it will **DENY** Mr. Caison's motion for a telephonic conference.

## I.      Factual Background and Procedural History

In considering the pending motion to dismiss, the court will assume that the facts alleged in Mr. Caison's complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, because Mr. Caison is proceeding pro se, the court will construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). With these principles in mind, the relevant facts are as follows:

Mr. Caison, a Black man, began working for the USPS in 2017 as a "Team Lead" for a team of real estate specialists.  ECF No. 1, at ¶ 1.  Around December 2018, one of the employees Mr. Caison managed filed an Equal Employment Opportunity ("EEO") complaint against the USPS.  *Id.* at ¶ 9, 17.  After Mr. Caison offered truthful testimony in the employee's EEO action, the USPS's attorney, seemingly begrudgingly, settled the claim.  *Id.* at ¶¶ 19-23.  The USPS blamed Mr. Caison for the settlement and "began a series of escalating discriminatory and retaliatory treatment" against him, including reducing his supervisory responsibilities, removing him from his role as Team Lead, elevating White employees to replace him although they lacked the proper experience, and subjecting him to increased work performance scrutiny, lower performance ratings, and lower pay increases.  *Id.* at 1-2; *id.* at ¶¶ 20, 22, 25, 29, 37-39, 41, 46.

Mr. Caison filed a timely EEO complaint, which the USPS investigated.  *Id.* at ¶ 54.  The USPS "lack[ed] investigative inquisitiveness," "adopted the false rationale offered by Agency management," and "fail[ed] to develop an impartial record," while investigating the complaint.  *Id.* at ¶¶ 99, 107.  The USPS issued a final agency decision finding no discrimination, and the Equal Employment Opportunity Commission ("EEOC") affirmed the agency's decision on appeal.  *Id.* at ¶¶ 63-65.

After exhausting his administrative remedies, Mr. Caison filed a four-count complaint against the USPS, alleging discrimination, retaliation, hostile work environment, and a violation of 18 U.S.C. § 1001.  ECF No 1, at ¶¶ 74-107.  The USPS filed a motion to dismiss the complaint,

ECF No. 13, but subsequently changed its position to seek dismissal of Count Four only, ECF No. 19.[1]

## II.      Discussion

### A.      Motion to Dismiss Count Four

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Rule 8 protects defendants, ensuring that they have fair notice of the claim brought against them and can adequately defend themselves. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Under Rule 12(b)(6), a complaint may be dismissed if it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). In assessing a motion to dismiss under Rule 12(b)(6), "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94.

When the plaintiff is pro se, as Mr. Caison is here, the court will "liberally construe" his filings. *Id.* Nevertheless, a pro se plaintiff must adhere to the Federal Rules of Civil Procedure. *Garlington v. D.C. Water & Sewer Auth.*, 62 F. Supp. 23, 27 (D.D.C. 2014). In assessing whether dismissal is warranted, a court considers all of a pro se litigant's filings, including attachments and

---

[1] The USPS initially moved to dismiss the entire complaint as untimely because it had been filed ninety-three days after the EEOC rendered its final decision. ECF No. 13, at 5-7; *see* 42 U.S.C. § 2000e-16(c) (requiring that a civil action be filed within ninety days of the plaintiff's receipt of notice of the EEOC's final action). The agency withdrew that argument after Mr. Caison clarified that he had received the EEOC's decision by mail, not electronically on the day it was issued. ECF No. 19, at 1-2.

any opposition filed.  *Brown v. Whole Foods Market Grp., Inc.*, 789 F.3d 146, 151-52 (D.C. Cir. 2015).

In Count Four, Mr. Caison alleges that the USPS violated 18 U.S.C. § 1001 in connection with its handling of his administrative complaint.  ECF No. 1, at ¶¶ 97-107.  Section 1001 makes it a crime to knowingly conceal or falsify statements in the course of federal proceedings.  The USPS argues that there is no civil cause of action under this criminal statute, and thus Count Four should be dismissed.  ECF No. 13, at 7; ECF No. 19, at 2-4.  In opposition, Mr. Caison contends that he is "not seeking a cause of action under [Section 1001]" but instead alleging that the USPS mishandled its investigation in a way that affected the "terms and condition[s]" of his employment.  ECF No. 16, at 5.  In reply, the USPS attempts to characterize Mr. Caison's argument as concerning the EEOC's handling of his complaint, arguing that "the EEOC, who is not a defendant here, cannot be liable for inadequately processing Plaintiff's case" and that there is no "'express or implied cause of action against the EEOC to challenge its investigation and processing of a charge.'"  ECF No. 19, at 3 (quoting *McCottrell v. Equal Emp. Opportunity Comm'n*, 726 F.2d 350, 351 (7th Cir. 1984)).

Construing Mr. Caison's pro se complaint liberally, as this court must, it is not apparent that Mr. Caison is alleging misconduct by the EEOC.  Instead, the allegations in Count Four focus on how *the USPS* handled the initial investigation into his administrative complaint.  *See* 29 C.F.R. §§ 1614.101 to 1614.110 (setting forth the process through which certain agencies, including the USPS, investigate administrative complaints, with a right of appeal to the EEOC).

However, this does not mean that Mr. Caison can proceed with Court Four.  That is because, even when the employing agency is handing the investigation into the administrative complaint, Title VII "does not create an independent cause of action for the mishandling of an

4

employee's discrimination complaints." *Wilson v. U.S. Dep't of Trans.*, 759 F. Supp. 2d 55, 62 (D.D.C. 2011) (quoting *Young v. Sullivan*, 733 F. Supp. 131, 132 (D.D.C. 1990)).  Instead, "a Title VII plaintiff may point to improper processing of claims as evidence of an employer's discriminatory motive." *Young*, 733 F. Supp. at 132 n.2.  Thus, while Mr. Caison may argue that USPS personnel mishandled the investigation into his administrative complaint as support for his claims of discrimination, retaliation, and hostile work environment in Counts One through Three, he cannot bring a freestanding count concerning the investigation.[2]  The court will dismiss Count Four.

### B.    Motion for Telephonic Conference

On February 29, 2024, the USPS asked for a brief extension of time to file its reply in support of its motion to dismiss, and it noted that Mr. Caison opposed the request.  ECF No. 17, at 1.  The court granted the extension the following day, also noting that it was opposed.  Minute Order, Mar. 1, 2024.  Mr. Caison thereafter filed a motion requesting that the court hold a "telephonic in[-]chambers conference . . . [so he can] understand the unwritten rules associated with practice before this Court and Judge."  ECF No. 18, at 1.  Principally, he takes issue with the fact that, while his opposition was noted, he was not provided the opportunity to file a brief in opposition before the court ruled.

The court declines to hold a telephonic conference, but it will briefly explain why it granted the USPS's motion for an extension.  Federal Rule of Civil Procedure 6(b)(1) provides that the court may extend a deadline "for good cause" if the request is made before the original time

---

[2] It appears that Count Four would also fail because Mr. Caison has not alleged any adverse action as a result of the USPS's alleged mishandling of his administrative complaint.  *See Stewart v. Evans*, 275 F.3d 1126, 1136 (D.C. Cir. 2002).  But given that the law around what constitutes an "adverse action" is in flux, *see Muldrow v. City of St. Louis*, 22-193 (U.S.), the court does not rely on this as a basis to dismiss Count Four.

expires.  The "good cause" standard is subject to the district court's discretion.  *McGehee v. U.S. Dep't of Justice*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019).  The court found that the USPS had satisfied that standard here due to the assigned attorney's heavy caseload.  *See* ECF No. 17, at 2.

If the USPS seeks an extension of time in the future and Mr. Caison wishes to file a brief in opposition, the court directs that he file any such opposition by 5:00 p.m. the following business day.  That said, the court expects the parties to litigate courteously, including by agreeing to modest extensions of deadlines where the non-moving party will not be prejudiced.

### III.    Conclusion

For the foregoing reasons, the court **GRANTS** the USPS's Motion to Dismiss, ECF No. 13, as it pertains to Count Four of the complaint, and it **DENIES** the motion as it pertains to Counts One through Three.  The USPS shall respond to the complaint within fourteen days of this order. *See* Fed. R. Civ. P. 12(a)(4)(A).

The court **DENIES** Mr. Caison's Motion for Telephonic Conference, ECF 18.

**SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: April 11, 2024